IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID G. FOX,**

        Plaintiff,

  vs.                                Civil Action 2:12-CV-324
                                        Judge Watson
                                        Magistrate Judge King

**DOCTOR EDDY,** *et al.*,

        Defendants.

## REPORT and RECOMMENDATION

     Plaintiff, an inmate currently incarcerated at the Ross Correctional Institution ("RCI"), brings this action against defendants Ohio Department of Rehabilitation and Correction ("ODRC") Chief Medical Officer Dr. Eddy, RCI Chief Medical Officer Dr. Gary Krisher, RCI Health Care Administrator Lisa Bethel, ODRC Director Gary Mohr, and RCI Warden Timothy Buchanan under 42 U.S.C. § 1983, alleging that defendants acted with deliberate indifference to his medical needs in violation of the Eighth Amendment to the United States Constitution. *Complaint*, Doc. No. 3, at 1.  This matter is before the Court on *Plaintiff David G. Fox Motion for Preliminary Injunction* and *Motion for Temporary Restraining Order* ("*Plaintiff's Motions*"), Doc. No. 4, and *Defendants' Motion for Summary Judgment* ("*Defendants' Motion*"), Doc. No. 17.  For the reasons that follow, it is **RECOMMENDED** that *Defendants' Motion* be **GRANTED** and that *Plaintiff's Motions* be **DENIED**.

I.     **BACKGROUND**

     Plaintiff asserts that he was diagnosed with Hepatitus C by a prison doctor in 2006 and with cirrhosis of the liver thereafter.

1

*Affidavit David Fox*, attached to Doc. No. 4, at PAGEID #14.[1] Plaintiff claims that his condition was monitored when it should have been treated, that the delay in treatment caused his medical condition to deteriorate, and that this "neglect" constitutes deliberate indifference to his serious medical condition. *Id.* Specifically, plaintiff claims that he now has stage four cirrhosis that can be treated only with a liver transplant. *Id.* Plaintiff asks that he be administered medications to boost his blood platelet levels, be evaluated at all Ohio liver transplant centers, and be placed on the liver transplant list at those centers. *Complaint*, at 6; *Plaintiff's Motion*s, at 3.

Defendants oppose plaintiff's request for interim injunctive relief and move the Court to grant summary judgment in their favor.

Because a court considering a request for interim injunctive relief must consider the likelihood of plaintiff's success on the merits of his claim, *see Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1249 (6th Cir. 1997), the Court will first address defendants' motion for summary judgment.

II.  **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

A.  **Standard**

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure,

---

[1] Plaintiff's affidavit appears in the middle of Doc. No. 4. The Court will refer to specific portions of the affidavit by reference to the docket PAGEID numbers.

which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting

3

Fed. R. Civ. P. 56(e)).  "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial."  *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    **B.    Discussion**

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment.  To prevail on his claims, plaintiff must prove that defendants acted with "deliberate indifference to [his] serious medical needs."  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  This standard includes both an objective and a subjective component.  The objective component requires a plaintiff to show the existence of a "sufficiently serious" medical need.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The subjective component requires a plaintiff to "allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk."  *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 837).  "[N]egligen[ce] in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Estelle*, 429 U.S. at 106.  For a claim to be cognizable, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Id.*

Courts have found that hepatitis C is a serious medical condition, *Owens v. Hutchinson*, 79 F. App'x 159, 161 (6th Cir. 2003), and defendants do not contest that plaintiff is infected with

4

hepatitis C and that he now suffers from cirrhosis of the liver.  *See Defendants' Reply in Support of Their Motion for Summary Judgment*, Doc. No. 28, at 5.  However, the affidavits and medical records submitted in connection with *Defendants' Motion*, Doc. No. 17, and *Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment*, Doc. No. 23, establish that defendants have not been deliberately indifferent to plaintiff's medical conditions.

Plaintiff asserts that he is receiving a substandard level of care, that nothing is being put on paper about his condition, and that delays in treatment have caused his liver damage.  *Affidavit David Fox*, at PAGEID# 4.  Plaintiff's medical records, which are not disputed, show that he has been continually monitored at the Chronic Care Clinic, has received care at the Gastroenterology Clinic and Hepatology Clinic at The Ohio State University, has received at least one liver ultrasound, had blood drawn on November 18, 2011, had labs performed on May 4, 2012, has met with a dietary technician, and has received a steroid injection.  *See Affidavit of Lisa Bethel*, attached to *Defendants' Motion*, Doc. No. 17.  Plaintiff's medical records show that he refused, against medical advice, to follow up with the Gastroenterology Clinic for a recommended liver biopsy on July 6, 2007, an ultrasound of his liver on January 16, 2008, and hemoccult studies on January 3, 2011.  *See* Doc. No. 17, Exhibits A, B, D, F.  His medical records also show that, as of February 15, 2012, the Hepatology Clinic had not recommended a liver transplant and that the Advanced Level Providers at RCI did not believe that plaintiff met the criteria for a liver transplant.  Doc. No. 17, Exhibit O.  Plaintiff has not shown that he is eligible for a liver transplant.

Plaintiff also asserts that he refused the recommended liver

5

biopsy because it was "not needed," and that defendants "made grave errors in diagnosis, judgment, and analysis of plaintiff's condition." *Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment*, Doc. No. 23, at 3, 7.  In essence, plaintiff's claim amounts to a difference of opinion between him and the prison health care providers and a dispute over the adequacy of his treatment.  This does not amount to an Eighth Amendment claim unless the record establishes that the medical attention actually rendered is "so woefully inadequate as to amount to no treatment at all."  *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)*; accord Owens*, 79 F. App'x at 161 ("A patient's disagreement with his physicians over the proper medical treatment alleges no more than a medical malpractice claim, which is a tort actionable in state court, but is not cognizable as a federal constitutional claim."); *Apanovitch v. Wilkinson*, 32 F. App'x 704, 707 (6th Cir. 2002) (citing *Estelle*, 429 U.S. at 107); *Miles v. Booth*, 238 F.3d 422, *3 (6th Cir. 2000); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 816 n.13 (6th Cir. 1996).  The medical records submitted by both parties establish that plaintiff has received regular medical treatment and that plaintiff's requests for additional treatment have been granted on multiple occasions.  See *Plaintiff's Memorandum in Opposition*, at 5 (indicating that blood work was drawn on December 5, 2011 upon plaintiff's request and that letters written to ODRC resulted in additional treatment).  Al;though plaintiff questions the adequacy of his medical treatment, no reasonable jury could find that the treatment actually provided plaintiff has been so woefully inadequate as to amount to no treatment at all.  Accordingly, defendants are entitled to judgment as a matter of law.   It is therefore **RECOMMENDED** that *Defendants' Motion for Summary Judgment*, Doc. No. 17, be **GRANTED**.

**III. Plaintiff's Motions**

In light of the foregoing, and because plaintiff has not established the likelihood of success on the merits of his claims, it is **RECOMMENDED** that *Plaintiff David G. Fox Motion for Preliminary Injunction* and *Motion for Temporary Restraining Order*, Doc. No. 4, be **DENIED.**

In short, the Court concludes that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law.  It is therefore **RECOMMENDED** that *Defendants' Motion*, Doc. No. 17, be **GRANTED**, and that *Plaintiff's Motions*, Doc. No. 4, be **DENIED as moot**.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

7

August 28, 2012                             *s/ Norah McCann King*
                                             Norah McCann King
                                       United States Magistrate Judge

8